IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED GRAVES,

    Petitioner,                    No. CIV 04-1272 DFL GGH P

    vs.

MIKE KNOWLES,

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of two counts of first degree murder in 1976 for which he received a seven year-to-life sentence. Exhibit A to petition. Pending before the court is respondent's September 29, 2004 motion to dismiss, to which petitioner filed his opposition on November 4, 2004.[1]

Petition

        Petitioner seeks to have a correctional counselor's assessment in a parole board report expunged. Petitioner alleges that Correctional Counselor I(CCI) Hickey prepared a Life

---

[1] Petitioner was granted an extension of time to file an opposition. See order filed on November 3, 2004.

1

Prisoner Evaluation Report for petitioner's February 2002 calendar parole board hearing in which she stated that it was her belief that "petitioner would pose an unpredictable degree of threat to the public if released at this time." Petition, Statement of Facts, p. 1(unnumbered); Exhibit A. No evidence supported the "unpredictable degree of threat" assessment, which CCI Hickey reached after seeing petitioner in August 2001 for a file review and after asking a few questions. Petition, p. 3. In the summary of the Life Prisoner Evaluation Report, CCI Hickey wrote: "Considering the commitment offense as well as the recent disciplinary history, this writer believes that if released from prison at this time, he would pose an unpredictable degree of threat to the public." Exhibit A to petition.

Petitioner contends that CCI Hickey was not qualified to make such an assessment because she had just become his counselor and did not know him. Petition, Statement of Facts, p. 1. Petitioner alleges that the evaluation was in marked contrast to past reports of counselors over the preceding 15 years. Id., Exhibit C.[2] When petitioner sought to have CCI Hickey amend the report to eliminate the "unpredictable degree of threat" assessment, Hickey denied the request, stating the following:

> Denied. This Board Report was compiled from your last appearance before the Board of Prison Terms on August 13, 1997 up to April 30, 2001. The Report covers the pattern of behavior, including disciplinary record, accomplishments in work, training and treatment programs, as well as relevant medical issues. Your case factors revealed a Rule Violation Report received on December 30, 2000 for the specific act of Mutual Combat with a guilty finding and credit forfeiture, counseling and reprimand. The work history reflected an overall satisfactory to above average work performance, and completion of a GED. The following workshops were noted, Alternative to Violence, Journaling Workshop and a Communicable Disease Reduction training course.

---

[2] The March 1990 parole board calendar life evaluation report set forth the writer's belief that petitioner "would pose a moderate degree of threat to the public safety at this time if released from prison." The March 1992 report contained the statement that "the prisoner would probably pose a moderate degree of threat to the public at this time, if released from prison." In the March 1997 report, the correctional counselor opined that petitioner "would pose a moderate degree of threat to the public safety at this time if released from prison." Petition, Exhibit C.

> My impression of the degree of risk to the public safety is based upon the aforementioned behavior in addition to the limited contact spent with you as well as my inability to observe your functioning outside the structures of the prison environment.

Exhibit B to petition.

At his February 2002 Board of Prison Terms hearing, the BPT panel "misconstrued" Hickey's assessment as a firm prediction, questioned petitioner who was unsuccessful in explaining the reason for it, and told petitioner they would only consider any modification once petitioner had completed his 602 appeal and there was new information. Petition, Statement of Facts, p. 1; Exhibit D, partial transcript of hearing.  Petitioner asserts that the counselor's report is a big part of a BPT hearing because the members believe that counselors see an inmate most frequently when in fact an inmate does not see a counselor, for the most part, but once a year.  Petition, Statement of Facts, p. 5(unnumbered).  Department Operations Manual (DOM) 62090.11.2 sets forth the degree of risk as "low/moderate/high/or unpredictable." Id. Petitioner seeks, inter alia, a "writ of habeas corpus" and an order from the court ordering that the "unpredictable degree of risk" evaluation be vacated.  Petitioner includes as an exhibit an order granting habeas corpus relief in a state court case that he finds to be analogous, wherein the Director of Corrections was directed to strike the "unpredictable degree of threat" language and substitute, instead, an admission that the counselor was unable to predict the degree of threat because the counselor was not well acquainted with the life prisoner.  Exhibit H, In re: Edward James Willard, p. 10.

Motion to Dismiss

Respondent first contends that 1) petitioner raises a state law claim, not properly heard in federal court and 2) petitioner's challenge to the information in his Life Prisoner Evaluation does not constitute a habeas claim.   MTD, pp. 5-6.

\\\\\

\\\\\

Opposition

In opposition, petitioner avers that the correctional counselor's finding of the level of risk was at issue in his February 2002 parole consideration hearing and that the finding violated his liberty interest in parole without due process. Opp., pp. 1-6. He contends that the correctional counselor's risk assessment rendered his parole hearing fundamentally unfair pursuant to Estelle v. McGuire, 502 U.S. 62, 112 S. Ct. 475 (1991).

Discussion

In Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003), the Ninth Circuit found that California's parole scheme gives rise to a cognizable liberty interest in release on parole. "In the parole context, the requirements of due process are met if 'some evidence' supports the decision." 334 F.3d at 914. Here, however, petitioner does not challenge the denial of parole, but, instead, seeks an expungement or amendment of a portion of a correctional counselor's opinion from a Life Prisoner Evaluation Report, one of a number of records and documents that are apparently presented before a BPT panel considering an inmate's parole. In doing so, on the face of it, petitioner does not raise a habeas challenge because petitioner is not attacking the legality of his present custody. In failing to do so, he would appear not to have met the threshold requirement for bringing a petition for writ of habeas corpus. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ...the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833 (1973). Although the state court allows a state prisoner to challenge conditions of confinement via a state habeas petition, that has not been the case in federal court:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S. Ct. 1303, 1304 (2004) (per curiam).

> § 1983 must yield to the more specific federal habeas statute with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. See Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827 [] (1973). Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983. Ibid. By contrast constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance. See Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 [] (2004) (per curiam); Preiser, supra, at 498-499, 93 S. Ct. 1827.

Nelson v. Campbell, 541U.S. 637, 124 S. Ct. 2117, 2122 (2004).

It is fairly evident that the instant challenge "does not necessarily imply the invalidity of [his] conviction[] or continuing confinement," thus, if properly brought at all, "it is properly brought under § 1983." Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997) (concerning challenge to an administrative placement which rendered the placement of the plaintiffs ineligible for parole). A prisoner may have "in certain limited circumstances a claim of constitutional magnitude" where he alleges "(1) that information is in his file, (2) that the information is false, and (3) that it is relied on to a constitutionally significant degree." Paine v. Baker, 595 F.2d 197, 201 (4th Cir. 1979). However, "it is not sufficient that the inmate disputes evaluations and opinions regarding him." Id. Thus, even in the context of 42 U.S.C. § 1983, petitioner, as plaintiff, would fail to state a claim because he cannot set forth a constitutional deprivation to which he has been subjected by defendants acting under color of state law. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) [citations omitted].

However, the always murky divide between habeas and § 1983 civil rights actions, particularly in the parole context, grows ever murkier with respect to the question of when a prisoner should proceed pursuant to 28 U.S.C. § 2254 or under 42 U.S.C. § 1983. In Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004), the Ninth Circuit recently held that "when prison inmates seek only equitable relief in challenging aspects of their parole review,

5

1  that, so long as they prevail, *could* potentially affect the duration of their confinement, such relief
2  is available under the federal habeas statute." [Emphasis in original.]  Under Docken, even when,
3  as here, petitioner's claim does not constitute the kind of "core" challenge contemplated by
4  Preiser, supra, he may proceed under § 2254 so long as there is an undeniable "*potential*
5  relationship between his claim and the duration of his confinement...." 393 F.3d at 1031
6  [emphasis added].  The Docken court resolves the holding in Neal, supra, by finding that the rule
7  of Neal is limited to establishing that § 1983 is an "*appropriate* remedy" in the context of a claim
8  implicating at least some relationship to parole eligibility, without reaching the question of
9  whether it is the *exclusive* one.  393 F.3d at 1030 [emphasis in original].

10       Thus, the circles of § 1983 and habeas corpus jurisdiction, once only overlapping
11  slightly, grow to be nearly co-terminus.  In this case, the court is left to conclude that petitioner
12  may proceed in habeas, having already found, in any event, that the claim herein would fail in a §
13  1983 action, and even though the granting of the writ would not result in overturning the denial
14  of his parole at the 2002 hearing, but at most, only result in changing a line in a report that had
15  been before the BPT.

16       Even so, respondent is correct that this state law claim must fail.  A writ of habeas
17  corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal
18  law binding on the state courts.  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985);
19  Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is unavailable for alleged error in
20  the interpretation or application of state law.  Middleton v. Cupp, 768 F.2d at 1085; see also
21  Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381
22  (9th Cir. 1986).  Habeas corpus cannot be utilized to try state issues de novo.  Milton v.
23  Wainwright, 407 U.S. 371, 377, 92 S. Ct. 2174, 2178 (1972).  Petitioner challenges the
24  application of a state departmental regulation concerning an evaluation by a correctional
25  counselor in a report under consideration by a BPT panel.  In order to succeed on this claim,
26  \\\\\

which is based on an alleged violation of state law, petitioner would have to demonstrate an error involving "fundamental fairness." Estelle v. McGuire, 502 U.S. at 73, 112 S. Ct. at 482.

There is no applicable test within the habeas province of this court to analyze a state correctional counselor's opinion as under Daubert or Frye. Daubert v. Merrel Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786 (1993) (expert testimony must rest on a reliable foundation relevant to fact at issue); Frye v. United States, 293 F. 1013, 1129-1130 (D.C. Cir. 1923) (superseded by Daubert, supra) (expert opinion based on scientific technique inadmissible unless the technique is "generally accepted" in the relevant scientific community). Petitioner does not come close to implicating an issue of "fundamental fairness" in contending that the opinion of a correctional counselor contained in a parole report before the BPT as part of a procedure approved by a state Department of Corrections regulation violates his due process rights.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's September 29, 2004, motion to dismiss be granted and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 6/21/05                              /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:009
grav1272.mtd